UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-62488-CIV-MORENO

CHRISTIAN DE VERA, et al.,

    Plaintiffs,

vs.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

I. **Background**

Plaintiff Christian De Vera is a native of the Philippines who has lived in the United States for over thirteen years, some of that time was purportedly spent with a valid H-1B visa. The H-1B program is designed to grant a visa to a non-citizen who intends to temporarily perform services in a specialty occupation. To obtain such visa, a non-citizen's employer or prospective employer must file a petition with supporting documents on the non-citizen's behalf. De Vera allegedly worked under an H-1B visa as the Director of Financial Aid for the International School of Health Beauty and Technology. On or about July 12, 2013, Department of Homeland Security agents allegedly interviewed De Vera regarding an investigation into the school's purportedly fraudulent practice of manipulating its employees in exchange for legal immigration status. De Vera notified the agents that his immigration status would expire on September 30, 2013, but the school had promised to re-sponsor him.

Upon hearing this, Department of Homeland Security Agent Long purportedly instructed De Vera "not to worry" and promised him that he would remain in lawful immigration status as

long as De Vera cooperated with the Agents and allowed his immigration status to expire. D.E. 1 ¶ 55. Later that month, the Agents allegedly promised the De Vera family that they would obtain S-visas and Green Cards with De Vera's cooperation in a criminal case against his employer. *Id.* at ¶ 57. To comply with the Agents' request, De Vera allegedly participated in six phone-tapped conversations with his employer from August 2013 to January 2014. On January 30, 2014, De Vera allegedly wore a wire at work "all day" at the Agents' request. *Id.* at ¶ 63.

The next day, Agent Hessberger purportedly threatened De Vera that if he did not wear a wire again, he would not receive a Green Card. *Id.* at ¶ 64. At the end of the day, De Vera submits that Agent Hessberger praised De Vera for a job well done and told him that they would "take care" of his Green Card. *Id.* at ¶ 65. In February 2016, Agent Long allegedly served De Vera with a legal document that falsely stated that the U.S. government considered De Vera to be a lawful permanent resident. On November 3, 2016, the Department of Homeland Security allegedly served De Vera with a Notice to Appear that stated De Vera's "status was not adjusted to that of a lawful permanent resident." *Id.* at ¶ 83. De Vera is currently in removal proceedings before an Immigration Judge in Miami, Florida.

The seven-count Complaint seeks relief for: (I) estoppel; (II) promissory estoppel; (III) violations of the whistleblower protections contained in the Immigration and Nationality Act; (IV) violations of the S-visa provisions contained in the Immigration and Nationality Act; (V) violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; (VI) violations of the Administrative Procedure Act, 5 U.S.C. § 706; and (VII) a Declaratory Judgment that Defendants' actions violate the Constitution, Immigration Nationality Act, and are arbitrary and capricious in violation of the Administrative Procedure Act.

Defendants move to dismiss because De Vera's claims are, in essence, challenges to the ongoing removal proceedings against him, which is allegedly foreclosed by 8 U.S.C. § 1252(g). For the following reasons, the Court agrees.

II. **Analysis**

**Jurisdiction**

Defendants submit that the relief sought by Plaintiffs—namely challenging the removal proceedings against De Vera—is barred by federal law. De Vera attempts to cast the relief sought, not as a challenge to Defendants' decision to place De Vera in removal proceedings, but as a request to enforce Defendants' alleged unfulfilled promises to grant De Vera and his immediate family legal immigration status. Specifically, De Vera argues that the claims arise from Defendants' acts and omissions separate from the decision to commence removal proceedings against him. Thus, in De Vera's view, because said acts and omissions—the promises allegedly not kept by the Agents—occurred *before* De Vera was placed in removal proceedings, 8 U.S.C. § 1252(g) does not apply.

The manner in which De Vera frames the relief sought is a distinction without a difference. The Complaint is clear, "Plaintiffs [] respectfully request that this Court estop Defendants from removing Mr. De Vera from the United States unless and until Defendants comply with their legal and regulatory obligations." D.E. 1 ¶ 2. Plaintiffs also request that the Court grant them, *inter alia*, S-visas, lawful permanent resident status, H-1B nonimmigrant status. D.E. 1 at 26(a), (b), (c).

Congress eliminated judicial review over "any cause or claim by or on behalf of any alien . . . arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). *See also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . arising from any action

taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order"). The Eleventh Circuit has held that, regardless of how an alien characterizes his or her claims, district courts lack jurisdiction over challenges to the commencement of removal proceedings. *See, e.g., Alvarez v. U.S. Immigration and Customs Enforcement*, 818 F.3d 1194, 1203 (11th Cir. 2016) (holding that 8 U.S.C. § 1252(g) bars courts from questioning Immigration and Customs Enforcement's "discretionary decision to commence removal . . ."); *Mata v. Sec'y of Dep't of Homeland Sec.*, No. 10-14401, 426 F. App'x 698, 700 (11th Cir. 2011) (rejecting plaintiff's "attempts to evade the bars in 8 U.S.C. § 1252 by characterizing his claim as a challenge not to his removal, but rather to Immigration and Nationalization Services' rescission decision") (per curiam).

Other circuits have held the same. *See, e.g., Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the ultimate order of removal, district courts lack jurisdiction . . ."); *Delgado v. Quarantillo*, 643 F.3d 52, 55-56 (2nd Cir. 2011) (explaining that a plaintiff may not evade the scope of 8 U.S.C. § 1252(a) by styling her challenge as a mandamus action rather than an explicit challenge to an immigration judge's ruling); *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010) (explaining that alien could not evade the scope of 8 U.S.C. § 1252(a) through characterizing claim as an Administrative Procedure Act challenge). The Court is wary to disregard Congress's clear directive and wade into the province of a coequal branch. *See generally Jean v. Nelson*, 727 F.2d 957, 965 (11th Cir. 1984) ("The political branches of the federal government therefore possess concurrent authority over immigration matters.") (citations omitted).

III. **Conclusion**

Accordingly, dismissal of the Complaint is warranted because the relief sought by De Vera—interfering with removal proceedings—is precisely the type of relief that Congress has prohibited this Court from granting. Put simply, but for the initiation of removal proceedings, the Plaintiffs would likely have never filed this suit. Thus, because the substance of Plaintiffs' Complaint seeks to enforce alleged promises that would affect the Government's decision to commence removal proceedings, this Court is without jurisdiction to entertain it.

DONE AND ORDERED in Chambers at Miami, Florida, this __21__ of March 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record